UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

TINA DAWN HILBELINK,

        Debtor.

Case No. 05-30111

Chapter 7

---

ALMA P. LEACH,

        Plaintiff,

v.

TINA DAWN HILBELINK.

        Defendant.

Adversary No. 06-2178

---

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

      The plaintiff, Alma P. Leach, filed an adversary proceeding under 11 U.S.C. § 523(a)(4) seeking a determination that the debt owed her by the debtor is excepted from her discharge. The plaintiff moved for summary judgment on the grounds that a prior state court determination of liability has preclusive effect in this court. The defendant/debtor did not respond to the motion.

      This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

BACKGROUND

      The state court in the case of Alma P. Leach, et al. v. Tina D. Hilbelink, Manitowoc County Circuit Court Case No. 00-CV-165, made the following findings of fact and conclusions of law. On February 29, 2000, Tina Hilbelink, as the attorney-in-fact for her father, Gordon Miller, transferred $38,470.81 from a savings account that was in Mr. Miller's name, and had a payable on death designation of Alma Leach, to her own savings account. Although Alma Leach

and Gordon Miller had divorced approximately 30 years ago, they lived together for about 10 years preceding January 2000.  After being hospitalized in January 2000, Mr. Miller went to live with his daughter, Tina Hilbelink, and appointed her power of attorney on February 7, 2000.  Mr. Miller died on March 4, 2000.

The state court found the transfer was not made in accordance with the written terms given to the power of attorney insomuch that it was not made for the purpose of a taxable benefit for Mr. Miller or his estate; was not to his spouse or a charitable organization; the transfer did not follow a pattern of giving established by Mr. Miller; and while the transfer was to the attorney-in-fact, it was not made along with equivalent gifts to all others similarly situated.  The state court concluded that Tina Hilbelink had breached her fiduciary duties to Mr. Miller's estate and assessed damages in the amount of $38,470.81, plus interest.

## DISCUSSION

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Issue preclusion precludes relitigation of an issue decided previously in judicial or administrative proceedings, provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding.  *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).  In *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court concluded that issue preclusion applies in dischargeability proceedings in bankruptcy.  *See also Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987) (applying collateral estoppel to bar relitigation of

an issue decided by a state court).

Under Wisconsin law issue preclusion limits the relitigation of issues that have been contested in a previous action between the same or different parties. *Michelle T. by Sumpter v. Crozier*, 173 Wis.2d 681, 687, 495 N.W.2d 327 (1993). The doctrine is intended to prevent parties from revisiting issues "actually litigated in a previous action." *Paige K.B. ex rel. Peterson v. Steven G.B.*, 226 Wis.2d 210, 219, 594 N.W.2d 370 (1999). The preclusive effect of prior litigation arises where "'an issue is actually and necessarily determined by a court of competent jurisdiction.'" *Id*. (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

In this case, issue preclusion precludes the dischargeability of the Manitowoc County judgment pursuant to § 523(a)(4). The bankruptcy code provides in pertinent part: "A discharge [under the bankruptcy laws] does not discharge an individual debtor from any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The state court determined that Tina Hilbelink's conduct in using her power of attorney to transfer funds from her father's account to her own account was a breach of her fiduciary duty and such determination was necessary to its decision. The state court judgment is therefore nondischargable. A separate order for judgment shall be entered accordingly.

September 1, 2006

Margaret Dee. McGarity
U.S. Bankruptcy Judge

3

Case 06-02178-mdm    Doc 10    Filed 09/01/06    Page 3 of 3